## HENRY K. RUTAN *vs.* JOHN H. HINCHMAN and HENRY HOPPER.

1. Where a suit is commenced in debt before a justice of the peace and the state of demand contains two counts, one in debt and the other for a distinct cause of action in *assumpsit* for unliquidated damages, and a general judgment is rendered for the plaintiff, this court will reverse the judgment on *certiorari*.

2. H. and H. sold a horse to R. for $200, $100 to be paid in cash and $100 by the conveyance of a lot of land ; the $100 cash was paid, but the purchaser failed to convey the land, and an action of debt was brought to recover $100, the estimated value of the land ; the state of demand contained two counts, one for $100 due on the horse, and the other

Rutan v. Hopper.

setting out the special contract, and claiming the sum of $100 as a balance due on the horse—*held*, that the two counts could not be joined in the same state of demand ; and *held, also*, that the plaintiff's remedy was not for the balance due on the horse, but for damages on the contract to convey the land, and that he could only recover what the land was worth.

*Certiorari* to Passaic Pleas.

Argued at June Term, 1860, before Justices VREDEN-BURGH and WHELPLEY.

*S. Tuttle*, for plaintiff in *certiorari*.

*J. Hopper*, for defendant.

The opinion of the court was delivered by

VREDENBURGH, J.  The state of demand contains two counts—the first, for the balance of one hundred dollars due on a horse sold by Hinchman and Hopper to Rutan ; the second count states that Hinchman and Hopper sold Rutan a horse, of the value of two hundred dollars, for one hundred dollars in cash and a lot of land in Paterson, on ——— street, of the value of one hundred dollars ; that Rutan paid the one hundred dollars, but refused to convey the lot, wherefore the plaintiff's demand, the balance of the value of the horse, to wit, one hundred dollars.  The first count is clearly in debt, and the second as clearly in *assumpsit* for unliquidated damages.  The measure of the plaintiff's right of recovery on the second count is not the value of the horse, but the value of the lot.  The defendant could not set up by way of mitigation that the horse was worth only one hundred and ten dollars, or the plaintiff set up that he was worth five hundred.  The plaintiff was entitled to recover the damages for not conveying the lot, whether that was five dollars or five hundred.  It was suggested, on the argument, that the defendants having refused to convey the lot, the plaintiff might proceed as upon a simple sale of the horse, and recover its full value.  This might have

Rutan v. Hopper.

been so, *perhaps*, if the plaintiff had confined himself to his first count, and claimed only in that light; but the second count proceeds upon the affirmance of the contract, and seeks to recover damages for its breach, which was the non-conveyance of the lot.

The question for us is, in a suit commenced in debt before a justice of the peace, where the state of demand contains two counts, the one in debt, and the other for a distinct cause of action in *assumpsit* for unliquidated damages and a general judgment for the plaintiff, will this court, upon *certiorari*, reverse for error?

In the first place, it is clearly a misjoinder of actions, which has always been esteemed and treated as erroneous. 1 *Ch. Pl.* 205-6; 16 *Johns. R.* 146.

In principle it is like a demand on a book account where there are illegal charges and a general judgment, so that it cannot be told whether the illegal charges go to make up the judgment or not, in which case this court have always reversed upon *certiorari*. So here one of the items is upon a demand upon which no judgment in debt could be given. It was suggested that the judgment was, in fact, for the value of the horse. But the demand is for damages in not conveying the lot; or, in other words, the plaintiff demands the value of the lot and recovers the value of the horse.

It is true that, when the act (*Nix. Dig.* 402, § 76,) was first passed, and the style of action was in debt, and only one count in the state of demand in some other form of action, the courts refused to reverse for that cause, considering it to come within the purview of that act, several instances of which will be found in Pennington's Reports. *Somers* v. *Scull, Penn.* 1046-7. But the question came up for review in the case of *Sayres* v. *Springfield,* 3 *Halst.* 166, and the judgment reversed for this specific cause. Several other cases were decided upon the same principle about the same time. And such has been, I believe, the uniform practice ever since.

AFFIRMED, 2 *Vr.* 496.